J-S59019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KENNETH JEFFCOAT | |
| Appellant | No. 3561 EDA 2015 |

Appeal from the Judgment of Sentence October 28, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002255-2014

BEFORE:  BENDER, P.J.E., OLSON and FITZGERALD,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 09, 2016**

Appellant, Kenneth Jeffcoat, appeals from the judgment of sentence entered on October 28, 2015, following the revocation of his parole.  In this direct appeal, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel complied with the procedural requirements necessary for withdrawal.  Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous.  We therefore grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

We summarize the relevant factual background and procedural history as follows.  On September 9, 2014, Appellant pled guilty to possession of a

*Former Justice specially assigned to the Superior Court.

controlled substance with intent to deliver[1] and was sentenced to four to 16 months' imprisonment. He was later alleged to be in violation of his parole and a parole revocation hearing was held on October 28, 2015. **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973). At the hearing, Appellant stipulated that he had two new convictions and, thus, was in violation of his parole. The trial court accepted the recommendation of the Delaware County Office of Probation and Parole that he be sentenced to serve his full back time of 332 days. Appellant agreed with this recommendation. The trial court also accepted his request that he be made re-entry eligible. This appeal followed.[2]

Appellant's counsel included one issue in his **Anders** brief:

[Whether sentencing Appellant to] another 332 days['] imprisonment for violating his parole [is] excessive under [the] circumstances[?]

**Anders** Brief at 3.

"When presented with an **Anders** brief, [we] may not review the merits of the underlying issues without first passing on the request to

---

[1] 35 P.S. § 780-113(a)(30).

[2] Appellant did not file a post-sentence motion. Appellant timely filed a notice of appeal on November 25, 2015. The trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). Appellant's counsel filed a concise statement alleging a frivolous appeal pursuant to Pa.R.A.P. 1925(c)(4) on January 20, 2016. The trial court issued a Rule 1925(a) opinion on January 21, 2016.

withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010), *citing* **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). We must first determine whether counsel completed the necessary procedural requirements for withdrawing as counsel. **Commonwealth v. Washington**, 63 A.3d 797, 800 (Pa. Super. 2013). Court-appointed counsel must satisfy certain requirements to withdraw under **Anders**.

> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the [appellant] and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of [our] attention.

**Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa. Super. 2012), *quoting* **Santiago**, 978 A.2d at 361. In the submitted **Anders** brief, counsel must

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Washington**, 63 A.3d at 800, *quoting* **Santiago**, 978 A.2d at 361.

If counsel meets these requirements, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is wholly frivolous." **Santiago**, 978 A.2d at 355 n.5, *citing* **Commonwealth v. McClendon***,* 434 A.2d 1185, 1187 (Pa. 1981). Counsel will be permitted to withdraw if both the procedural and substantive requirements are satisfied. In addition, we "must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted). In the case at bar, we find counsel has met all the above requirements.[3] We now turn to the issue raised in the **Anders** brief.

Counsel's **Anders** brief contends that sentencing Appellant to another 332 days of imprisonment for violating his parole is excessive under the circumstances. **Anders** Brief at 3. Alleging a sentence is excessive challenges a discretionary aspect of sentencing. **Commowealth v. Ahmad**, 961 A.2d 884, 886 (Pa. Super. 2008). However, upon a violation of parole, the trial court does not impose a new sentence. Instead, a defendant is required to serve the balance of a valid sentence that has been

---

[3] Appellant has not responded to the petition to withdraw as counsel.

previously imposed. ***Commonwealth v. Mitchell***, 632 A.2d 934, 936 (Pa. Super. 1993). We previously determined:

> There is no authority for a parole-revocation court to impose a new penalty. Rather, the only option for a court that decides to revoke parole is to recommit the defendant to serve the already-imposed, original sentence. At some point thereafter, the defendant may again be paroled.
>
> Therefore, the purposes of a court's parole-revocation hearing—the revocation court's tasks—are to determine whether the parolee violated parole and, if so, whether parole remains a viable means of rehabilitating the defendant and deterring future antisocial conduct, or whether revocation, and thus recommitment, are in order. The Commonwealth must prove the violation by a preponderance of the evidence and, once it does so, the decision to revoke parole is a matter for the court's discretion. In the exercise of that discretion, a conviction for a new crime is a legally sufficient basis to revoke parole.
>
> Following parole revocation and recommitment, the proper issue on appeal is whether the revocation court erred, as a matter of law, in deciding to revoke parole and, therefore, to recommit the defendant to confinement. Accordingly, an appeal of a parole revocation is not an appeal of the discretionary aspects of sentence.
>
> As such, a defendant appealing recommitment cannot contend, for example, that the sentence is harsh and excessive. Such a claim might implicate discretionary sentencing but it is improper in a parole-revocation appeal. Similarly, it is inappropriate for a parole-revocation appellant to challenge the sentence by arguing the court failed to consider mitigating factors or failed to place reasons for sentence on the record. Challenges of those types again implicate the discretionary aspects of the underlying sentence, not the legal propriety of revoking parole.

***Commonwealth v. Kalichak***, 943 A.2d 285, 290-291 (Pa. Super. 2008)

(citations and footnote omitted).

Here, because Appellant's claim challenges the excessiveness of his sentence imposed based on his parole violation, it is wholly frivolous. **See id.** at 292-293 (concluding that raising a discretionary aspects of sentence claim is not a proper attack on a parole revocation and as such, is wholly frivolous under **Anders**). Because a parole-revocation court does not have the authority to impose a new sentence and can only recommit the defendant to serve the remaining term of the sentence already imposed, raising the claim that his sentence is excessive is improper in this context. **See Commonwealth v. Galetta**, 864 A.2d 532, 538 (Pa. Super. 2004); **Commonwealth v. Fair**, 497 A.2d 643, 645 (Pa. Super. 1985). Accordingly, Appellant's claim is without merit. Further, we note that although Appellant does not challenge the revocation of his parole, we conclude the trial court did not err in doing so because Appellant was convicted of new crimes.

After an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw appearance.

Petition for leave to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2016